Memorandum: In order to establish the existence of a common-law marriage, it is essential to show that there was an agreement between the parties to live together as husband and wife. The burden of proving the marriage is upon the one seeking to establish it. If acknowledgment of marriage and cohabitation are established as facts, a presumption of marriage is raised but such facts are only evidence. In this case, if there was an agreement and consent to marry per verba de praesenti, such agreement and consent must necessarily be presumed from facts duly established, for there is no direct evidence of such agreement. There is evidence that these parties were friendly and intimate over a period of years and that on occasions, there was acknowledgment of marriage. The record, however, is barren of evidence which would prove a bona fide matrimonial cohabitation and cohabitation other than matrimonial is insufficient to raise a presumption that the relationship was that of husband and wife. But even if a prima facie presumption of a common-law marriage could be made out of the respondent’s evidence, such presumption has been abundantly overcome by the evidence of the appellant. *823 (See Matter of Heitman, 154 Misc. 838, affd. 247 App. Div. 855, affd. 272 N. Y. 533; Matter of Pratt, 233 App. Div. 200, appeal dismissed 258 N. Y. 577, and Graham v. Graham, 211 App. Div. 580.) Where one party is dead, the validity of any alleged common-law marriage is open to suspicion. “ Clear, consistent and convincing evidence is required to establish the fact.” (Boyd v. Boyd, 252 N. Y. 422, 428.) The respondent has failed to sustain the burden of producing such evidence. All concur. (The decree determines a right of election.) Present — • Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.